### CRUTCHER v. UNITED STATES et al.

#### No. 3546.

United States District Court
N. D. Georgia, Atlanta Division.

Jan. 19, 1949.

James L. and Will G. Moore, of Atlanta, Ga., for complainant.

J. Ellis Mundy, U. S. Atty. and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for United States of America.

F. Lee Evans, of Atlanta, Ga., for Mrs. Vera West Keith.

RUSSELL, District Judge.

The matter before the Court is the merit of the Government's motion to transfer, under the provisions of Section 1406(a) of Title 28 U.S.C.A., New, this action to the district in which it is asserted it originally should have been filed.

The complaint alleges that the complainant is a resident of Dallas, Texas, and names the United States of America, the Veterans Administration, and Mrs. Vera West Keith as defendants and alleges that Mrs. Keith is a resident of Fulton County, Georgia, within this district. Complainant seeks the recovery of the proceeds of a National Service Life Insurance Certificate issued to her son, claiming that she is the beneficiary, but alleges that after she had filed a claim with the Veterans Administration she secured a favorable ruling but that upon appeal to the Board of Veterans Appeals by Mrs. Keith, the wife of the deceased, the appeal was sustained and the ruling made that Mrs. Keith was entitled to the proceeds of the insurance.

Any jurisdiction of this Court to determine the present complaint must be found in the provisions of Title 38, U.S.C. A. §§ 445 and 817. The latter section, 817, makes suits on National Service Life Insurance certificates subject to the same conditions and limitations as are applicable to United States Government (converted life insurance) under the provisions of Sections 445 and 551 (which latter section is not here material). Therefore, we may consider the jurisdictional provisions of Section 445. Without quoting verbatim these provisions, jurisdiction of such actions against the Government is restricted to suits, first, in the event of disagreement as to the claim under a contract of insurance, between the Veterans Administration and any person or persons claiming thereunder, and, with reference to venue, to either the District Court of the United States for the District of Columbia, or the District Court of the United States for the district in which "such persons or any one of them resides". The last paragraph of Section 445 defines the term "disagreement" as "a denial of the claim". Thus until there has been a denial of the claim, there is no disagreement, nor any disagreement between the

Veterans Administration and any person or persons claiming under a policy, which is the test by which the venue and jurisdiction of United States Courts is determined, by the residence of such person or persons in disagreement. Under the allegations of the complaint, the defendant, Mrs. Keith, is not a party in disagreement, for she has successfully maintained her claim. She is not therefore such "persons or any one of them" in disagreement. Leyerly v. United States, 10 Cir., 162 F.2d 79, at pages 83, 84. Mrs. Keith's residence within the jurisdiction of this Court is not sufficient to bestow jurisdiction upon this Court under the provisions of Section 445, supra.

This construction gives effect to the other provisions of Section 445, supra, that the procedure in such suits should be the same as that provided in Section 762 of Title 28 U.S.C.A. "so far as applicable." Section 762 provides that a suit against the United States shall be filed "in the district where the plaintiff resides" or, as stated in Section 1402, Revised Title 28 U.S.C.A. which embraces the provisions of old Section 762, "may be prosecuted only in the judicial district where the plaintiff resides." Of course the civil actions referred to in these sections, specifically in Section 1402, are not of the same class as suits upon Government Life Insurance policies. The difference in the class of cases in no way weakens the expressed intention as to venue and jurisdiction provided by Section 445, supra. When filed in a proper jurisdiction, Section 445 provides for bringing in other parties, such as Mrs. Keith, who may have or claim an interest in the insurance.

In this case no responsive pleadings have been filed by either of the defendants. If the matter proceeded thus far it may be assumed from the usual manner in which such actions are handled that if and when answers and cross claims are filed, the action will develop into one substantially of interpleader between the present complainant and Mrs. Keith. That this may happen, however, does not justify giving such a liberal construction to the language of Section 445, supra, as would defeat its jurisdictional provisions. Nor does it justify reading upon the first part of that section subsequent provisions thereof which provide for interpleader where there is an acknowledgement of indebtedness of the United States and a dispute as to the person or persons entitled to payment, in which case suit may be brought in the district in which any such claimants reside. When the point is made by the United States, the Government is entitled to insist upon a strict interpretation of its waiver of sovereign immunity from suit. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058.

The attention of the Court has been called to an order of Judge Ford of the Eastern District of Kentucky, though in which all of the facts do not appear, wherein in the case of Steele v. Reeves et al., No. 437, he similarly construed the provisions of Section 445 and directed transfer of the case to the district of proper jurisdiction.

It appearing that the complainant is a non-resident of the Northern District of Georgia, and is a resident of the Northern District of Texas (Dallas Division), this Court does not have jurisdiction of this action.

It appearing to the Court that the present case lays venue in the wrong district, it is therefore considered, ordered and adjudged that the motion of the United States of America that the cause be transferred for lack of jurisdiction in this Court, to the United States District Court for the Northern District of Texas, Dallas Division, should be, and the same hereby is, granted.

The Clerk of this Court is hereby directed to forward to the Clerk of the United States District Court for Northern District of Texas the entire record in this case, in accordance with the provisions of Section 1406, Title 28 U.S.C.A., New.